**FILED - GR**
April 29, 2019 3:21 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_ mkc  SCANNED BY:/MMC /

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YUSEF LATEEF PHILLIPS,              )

         Plaintiff,              )     Case No. _____ **1:19-cv-331**
                                               Janet T. Neff - U.S. District Judge
                                             Ellen S. Carmody - U.S. Magistrate Judge

vs                                 )     Honorable____

COUNTY OF KENT, a Political        )
Subdivision of the State of
Michigan,                          )

SHERIFF LAWRENCE STELMA,           )
in his Individual and/or
Official Capacities,               )

DEPUTY ANDREW HINDS,               )
in his Individual and/or
Official Capacities,               )

Jointly and severally,             )

         Defendants.              )

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, YUSEF LATEEF PHILLIPS, ("Phillips"),
pro se and for his Complaint against the defendants named herein,
states as follows:

## JURISDICTION

1.   That this action arises under the United States
Constitution, particularly under the provisions of the
Fourth, Eighth, and Fourteenth Amendments to the United
States Constitution and under the laws of the United
States, particularly under the Civil Rights Act, Title
42 of the United States Code, Sections 1983 and 1988.

2.   That this court has jurisdiction of this cause under
the provisions of Title 28 of the United States Code,
Sections 1331 and 1343 and pendant jurisdiction over state

claims arising from operative facts of the federal claims.

3. That Plaintiff brings suit against each and every Defendant in both their individual and official capacities.

4. That each and every act of the Defendants set forth, COUNTY OF KENT, SHERIFF LAWRENCE STELMA, and DEPUTY SHERIFF ANDREW HINDS were done by the Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of Michigan, and by virtue of and under the authority of the Defendants employment and/ or agency relationship with the County of Kent.

5. That the COUNTY OF KENT is responsible for, and does in fact hire, train, supervise and instruct officers and/or employees of all grades in the performance of their duties.

6. The amount in controversy exceeds $10 million exclusive of Plaintiff's claims for costs, attorney fees, interest and punitive damages.

PARTIES

7. At all times relevant to this lawsuit, Plaintiff, YUSEF LATEEF PHILLIPS was a citizen and resident of Grand Rapids, County of Kent, State of Michigan and of the United States and is entitled to all rights, privileges  and immunities accorded to all citizens of the United States.

8. At all times relevant to this lawsuit, Defendant, COUNTY OF KENT ("County"), is a political subdivision of the State of Michigan duly organized in carrying out governmental functions pursuant to the laws of Michigan, and one of the functions is to organize, operate, staff, and supervise its

2

county law enforcement agency commonly known as Kent County Sheriff's Department.

9. At all times relevant to this lawsuit, Defendant, SHERIFF LAWRENCE STELMA ("Stelma"), was the Sheriff of Kent County and the policy maker for the Kent County Sheriff's Department. Stelma was acting within the scope of his employment and under color of State law in his official capacity and is being sued in his official capacity as policy maker and sheriff, as well as his individual capacity.

10. Furthermore, Stelma had control of the Kent County Sheriff's Department and formulated and oversaw policy, practices, regulations, protocols, and customs therein and had the authority for hiring, screening, training, supervising, and disciplining of deputies.

11. At all times relevant to this lawsuit, Defendant, DEPUTY SHERIFF ANDREW HINDS ("Hinds"), was a deputy sheriff and employee of the Kent County Sheriff's Department and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the County of Kent, State of Michigan, and the United States.

12. At all times relevant to this lawsuit the individually named defendants were at all times employees of County and acting within the scope of their employment.

FACTUAL ALLEGATIONS

13. Plaintiff hereby re-alleges each and every allegation in paragraphs 1 through 12 of this Complaint as if fully stated herein.

14. That on September 3, 2017, Deputy Andrew Hinds was acting as a deputy sheriff for the County and was assisting federal officials during the service of a nighttime search warrant at Burton's Landing Apartments on Whispering Way Drive in Grand Rapids, Michigan.

15. That Plaintiff was unaware of a police presence in the dark parking lot and was walking from an apartment to his vehicle with both of his hands out of his pockets and in plain view.

16. That the plaintiff was not armed or threatening.

17. That none of the law enforcement officers made their presence known and were hidden in the shadows when the Plaintiff was suddenly shot in the chest with a rifle bullet.

18. That the Plaintiff fell to the parking lot and began bleeding profusely from the hole in his chest.

19. That law enforcement handcuffed him and left him bleeding onto the parking lot until Emergency Medical Services arrived and transported him to the hospital for emergency surgery.

20. That the Plaintiff was in extreme pain and thought he was going to die.

21. That the Plaintiff nearly did die as a result of Hinds' improper use of deadly force.

22. That the investigation into this matter by the State's Attorney concluded that "Hinds was clearly wrong in believing that Mr. Phillips' movements indicated a threat to him and other members of his team.  Mr. Phillips had nothing more than a set of car keys in his hand.  It is

extremely fortunate that this mistake did not cost Mr. Phillips his life." However, State's Attorney Becker declined to file criminal charges against Hinds.

## COUNT I
## 42 USC §1983 CONSTITUTIONAL DEPRIVATIONS

23. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 22 as though fully set forth herein.

24. At all times mentioned herein, while defendants were acting under color of statute, ordinances, regulations, and/or customs of the State of Michigan, County of Kent, City of Grand Rapids, defendants subjected Plaintiff to a deprivation of his rights, privileges, and immunities secured by the Constitutions and laws of the United States and the State of Michigan.

25. Pursuant to 42 USC §1983, as well as the Fourteenth, Fourth, and Eighth Amendments to the United States Constitution, County and the individually named defendants owed Plaintiff duties to act prudently and with reasonable care, and otherwise to avoid cruel and unusual punishment, and not to employ excessive or undue deadly force.

26. County and the individually named defendants owed Plaintiff duties to act prudently and with reasonable care in the formation of its policies and procedures relative to proper use of the force continuum and arrest and search procedures, as well as to train, test, evaluate, review, and update its deputies' abilities to function in a reasonable

manner and in conformance with the laws of the United States and of the State of Michigan relative to the proper use of the force continuum and arrest and search procedures.

27. That the action and omission of acts by the Defendants under 42 USC §1983 was unreasonable  and performed knowingly, deliberately, intentionally, maliciously, with gross negligence, callousness, and reckless indifference to Plaintiff's well-being and in disregard of Plaintiff's safety, with wanton intent for Plaintiff to suffer the unnecessary and intentional infliction of pain and nearly death, and by reason of which, Plaintiff is entitled to compensatory and punitive damages.

28. That the conduct of Defendants COUNTY,STELMA, and HINDS, individually and/or as agents of the County of Kent, deprived Plaintiff of his clearly established rights, priveleges and immunities in violation of the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and of 42 USC §1983.

29. County, through its agents and/or employees, and the individually named defendants, objectively knew that shooting a man in the chest with a tactical rifle when that man did not pose an immediate risk of death or great bodily harm to anyone is an unconstitutional use of deadly force.

30. That the conduct of the Defendants, COUNTY, STELMA, and HINDS individually and/or as agents of the County of Kent, exhibited a deliberate indifference by intentional acts, gross negligence and/or engaging in omissions to breach

Plaintiff's public safety and causing constitutional deprivation of his individual rights to wit:

a. Using excessive force and unjustified deadly force against Plaintiff;

b. Failing to exercise due caution when using a high powered tactical rifle;

c. Failing to screen deputies to determine the level of their competency and performance, both before and after being engaged;

d. Failing to monitor, train, discipline and control deputies after derelictions in their performance became known, or should have become known;

e. Failure to properly train deputies in the evaluation of when deadly force is to be applied;

f. A reasonable deputy in Defendant's position at the time of this incident would have known  that in light of the pre-existing law, that use of deadly force in the given situation is a violation of clearly established law;

g. Any and all other breaches as they become known throughout the course of this litigation.

31. That as a direct result of the aforementioned conduct and omissions of Defendants, COUNTY, STELMA, and HINDS, individually and/or as agents of the County of Kent, Plaintiff suffered pain, anguish, emotional distress, and nearly death.

WHEREFORE, Plaintiff requests the following relief:

    a.   Reasonable medical expenses;

    b.   Conscious pain and suffering between the time
of his injury and to this day;

    c.   Disability and reduced mobility which is ongoing;

    d.   Psychological injuries which are ongoing;

    e.   Compensatory and punitive damages; and

    f.   Any and all other damages otherwise recoverable
under  42 USC §1983 and  §1988 and available under
Michigan Tort Law.

WHEREFORE, Plaintiff Phillips respectfully requests that
this Honorable Court enter judgment in his favor and against
defendants, including punitive damages under 42 USC §1988, in
the amount of $10 million, together with interest, costs, and
attorney fees.

## COUNT II
### FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, CUSTOMS AND PRACTICES AND FAILURE TO SUPERVISE- DELIBERATE INDIFFERENCE BY COUNTY OF KENT AND SHERIFF LAWRENCE STELMA

32. Plaintiff repeats, realleges, and incorporates by reference
each and every allegation contained in paragraphs 1 through
31 as though fully set forth herein.

33. Pursuant to 42 USC § 1983, as well as the Fourth and Fourteenth
Amendments to the United States Constitution, defendants
COUNTY and STELMA owed Plaintiff cerain duties to supervise,
monitor, and train its deputies in the proper use of force
and the constitutional limits on the use of deadly force.

34. That defendants, in their representative and official
capacities, have maintained a custom and policy of improper

training and supervision of their employees. Defendants
are not protected by governmental immunity when following
a policy that deprives individuals of their constitutional
rights. <u>Monell v. N.Y. City Dep't of Soc. Serv.</u>, 436 658,
690-91, 692 (1978).

35. That defendants, COUNTY and STELMA, were aware of previous
incidents where individuals who were contacted by Kent
County Sheriff Deputies were subjected to excessive force
during arrest and search.

36. That defendants, COUNTY and STELMA, were aware of the custom
and practice of deputies that failed to ensure against the
use of excessive force during arrests and searches, which
were similar to the actions of Defendant HINDS.

37. The defendants owed Plaintiff the following duties and
obligations:

    a. To use due care and caution;

    b. To adequately and properly promulgate guidelines and
       policies that comply with with the requirements of 42
       USC §1983 regarding the use of force during arrests
       and searches;

    c. To adequately and properly train and supervise deputies
       of the Kent County Sheriff's Department on the proper
       methods to avoid excessive force;

    d. To avoid hiring or selecting individuals who it knows
       are incapable of performing their responsibilities
       or who are likely to misuse or abuse the power
       conferred on them as employees of the County and

the Kent County Sheriff's Department.

38. Defendants breached these duties via its policies, procedures, regulations, customs, and/or lack of training and thus exhibited a reckless indifference toward its citizens, and Plaintiff Phillips specifically, in the following ways, including but not limited to:

    a. Failure to staff the Sheriff's Department with competent law enforcement officers;

    b. Failure to have proper policies and procedures and training to deal with the inherently and unusually dangerous activity of executing a nighttime high-risk warrant service with federal agents;

    c. Failure to monitor their deputies to ensure that they are competent for such high-risk activities;

    d. Failure to require that deputies assigned to such activities and armed with high powered rifles meet significantly higher qualifications than deputies assigned to more meneal tasks;

    e. Failure to fully investigate and discipline its deputies who do not abide by its policies and procedures relative to the improper use of force; and

    f. All other breaches learned through the course of discovery.

39. That defendants COUNTY and STELMA trained their

officials and/or employees and agents in such a
reckless and grossly negligent manner that it was
inevitable that an official would wrongfully use
excessive and deadly force against a citizen.

40. The failure of the defendants to provide training
and supervision regarding the excessive use of
force and how to avoid instances of the improper
use of deadly force amounts to deliberate
indifference to the safety and lives of the citizens
in Kent County, and more specifically, Plaintiff
Phillips.

41. Defendants COUNTY and STELMA are supervisory
officials who knew or in the exercise of reasonable
care should have known that individual deputies had
engaged in misconduct and other violations of
the constitutional rights of citizens, more
specifically, Plaintiff.

42. Despite knowledge of its aforesaid pattern and
practice, the defendants  failed to properly
investigate the improper practices and to supervise
and train deputies at the Kent County Sheriff's
Department, and this was the ultimate driving force
behind the underlying constitutional violations.

43. COUNTY developed a "hands off" policy or custom
with regard to to the acts and omissions of deputies
and this encouraged the individuals to believe that
they could violate the constitutional rights of

Plaintiff with the explicit or tacit approval of the defendants herein.

44. As a direct and proximate result of the above cited violations of Plaintiff's civil rights by defendants, Plaintiff has and will continue to suffer damages in the future, including, but not limited to:

   a. Reasonable medical expenses;

   b. Conscious pain and suffering between the time of his injury  and to this day;

   c. Disabilitiy and reduced mobility which is ongoing;

   d. Psychological injuries which are ongoing;

   e. Compensatory and punitive damages; and

   f. Any and all other damages otherwise recoverable under 42 USC § 1983 and § 1988 and available under Michigan Tort law.

WHEREFORE, Plaintiff Phillips respectfully requests that this Honorable Court enter judgment in his favor and against defendants, including punitive damages under 42 USC §1988, in the amount of $10 million, together with interest, costs, and attorney fees.

## COUNT III
## NEGLIGENCE-GROSS NEGLIGENCE-INTENTIONAL WILLFUL AND WANTON CONDUCT

45. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 44 as though fully set forth herein.

46. At all relevant times, the individually named defendants were acting within the course and scope of their employment with defendant County as law enforcement officers.

47. County and the individually named defendants owed Plaintiff the duty to use due care and caution to avoid the excessive use of force and not to use deadly force unless absolutely necessary.

48. County and the individually named defendants, acting within the scope of their employment with County, breached this duty and were grossly negligent as that term is defined in MCL 691.1407(2)(c) when they acted intentionally and so recklessly as to demonstrate a substantial lack of concern as to whether injury or death would result and/or their acts of willful and wanton misconduct toward Plaintiff were in disregard for his health, safety, and constitutional/ statutory rights.

49. At all relevant times, County and the individually named defendants were grossly negligent in one or more of the following ways:

   a.   Using excessive force and unjustified deadly force against Plaintiff;

   b.   Failing to exercise due caution when using a high powered rifle;

   c.   Failing to screen deputies to determine the level of their competency and performance, both before and after being engaged;

   d.   Failing to monitor, train, discipline, and control

deputies after derelictions in their performance became known, or should have been known;

e.  Failure to properly train deputies in the evaluation of when deadly force is to be applied;

f.  A reasonable deputy in Defendant's position at the time of this incident would have known that in light of pre-existing law, that the use of deadly force in the given situation is a violation of clearly established law;

g.  Failure to refrain from intentionally inflicting grevious bodily injury when it was unnecessary;

h.  Failure to refrain  from acting with gross negligence or deliberate indifference toward or willful disregard of any violation of Plaintiff's constitutional rights; and

i.  Any and all other acts of gross negligence as they become known throughout the course of this litigation.

50. As the direct and proximate result of the aforementioned conduct and omissions of the Defendants, COUNTY, STELMA, and HINDS, individually and/or as agents of the County of Kent, Plaintiff Phillips suffered pain, anguish, emotional distress, and nearly death.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants jointly and severally, for pain and suffering, disability and reduced mobility, psychological injuries, compensatory and punitive damages, and any and all other damages otherwise recover-

able under 42 USC §1983 and 42 USC §1988 in the amount of
$10 million, together with interest, costs, and attorney fees.

Respectfully submitted,

Dated: 4/24/19

Yusef Lateef Phillips
Pro se Plaintiff
Register# 09438-040
Federal Correctional
Institution
P.O. Box 1000
Otisville, New York  10963


## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Yusef Lateef Phillips, pro se, and
hereby demands a trial by jury in the within cause of action.

Respectfully submitted,

Dated: 4/24/19

Yusef Lateef Phillips
Pro se Plaintiff
Register# 09438-040
Federal Correctional
Institution
P.O. Box 1000
Otisville, New York  10963

YUSEF LATEEF PHILLIPS
REGISTER# 09438-040
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
OTISVILLE, NEW YORK 10963



CERTIFIED MAIL

7015 0640 0002 3129



1006



49503

U.S. POSTAGE PAID
PM 2-Day
OTISVILLE, NY
10963
APR 26, 19
AMOUNT
**$0.00**
R2305K138471-20

C L E R K

U N I T E D

1 1 0   M

G R A N D

L E G A L   M A I

CIVIL RIGHTS



OF COURT

STATES    DISTRICT    COURT

CHIGAN    ST.    N.W.

RAPIDS,    MICHIGAN

49503

L