UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

YUSEF LATEEF PHILLIPS,

     Plaintiff,

v.

DEPUTY ANDREW HINDS,

     Defendant.

CASE NO.  1:19-cv-331

HON. JANET T. NEFF
MAGISTRATE: HON. SALLY J. BERENS

_____

### DEFENDANT DEPUTY ANDREW HINDS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON  JURY DEMAND

NOW COMES Defendant Deputy Andrew Hinds ("Defendant"), by and through his attorneys, Varnum, Riddering, Schmidt & Howlett LLP, and answers Plaintiff's Complaint as follows:

### JURISDICTION

1.     That this action arises under the United States Constitution, particularly under the provisions of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

**ANSWER**:    **This paragraph contains legal conclusions to which no answer is required or given.  To the extent that an answer may be deemed required, Defendant admits only that Plaintiff alleges that Defendant violated the referenced provisions.  To the extent that the averments may be deemed to state or imply anything further, the averments are denied as being untrue.**

2.     That this court has jurisdiction of this cause under the provisions of Title 28 of the United States Code, Sections 1331 and 1343 and pendant jurisdiction over state claims arising from operative facts of the federal claims.

**ANSWER**:     **This paragraph contains legal conclusions to which no answer is required or given. To the extent that an answer may be deemed required, the averments are denied as being untrue.**

3.     That Plaintiff brings suit against each and every Defendant in both their individual and official capacities.

**ANSWER**:     **This paragraph contains legal conclusions to which no answer is required or given. To the extent that an answer may be deemed required, the averments are neither admitted nor denied, as Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

4.     That each and every act of the Defendants set forth, COUNTY OF KENT, SHERIFF LAWRENCE STELMA, and DEPUTY SHERIFF ANDREW HINDS were done by the Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of Michigan, and by virtue of and under the authority of the Defendants employment and/or agency relationship with the County of Kent.

**ANSWER**:     **This paragraph contains legal conclusions to which no answer is required or given. To the extent that an answer may be deemed required, this Defendant admits only that actions taken by him were under color of law and in his capacity and authority as a law enforcement officer. To the extent that the averments may be deemed to state or imply anything further, they are neither admitted nor denied, as Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

5.     That the COUNTY OF KENT is responsible for, and does in fact hire, train, supervise and instruct officers and/or employees of all grades in the performance of their duties.

**ANSWER**: **These averments are not directed to this Defendant and, further, this paragraph contains legal conclusions to which no answer is required or given. To the extent that an answer may be deemed required, the averments are neither admitted nor denied, as Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

6.     The amount in controversy exceeds $10 million exclusive of Plaintiff's claims for costs, attorney fees, interest and punitive damages.

**ANSWER**:     **This paragraph contains legal conclusions to which no answer is required or given. To the extent that an answer may be deemed required, the averments are denied as being untrue.**

## PARTIES

7.     At all times relevant to this lawsuit, Plaintiff, YUSEF LATEEF PHILLIPS was a citizen and resident of Grand Rapids, County of Kent, State of Michigan and of the United States and is entitled to all rights, privileges and immunities accorded to all citizens of the United States.

**ANSWER**:     **These averments are neither admitted nor denied, as Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments. Furthermore, this paragraph appears to contain legal conclusions to which no answer is required or given.**

8.    At all times relevant to this lawsuit, Defendant, COUNTY OF KENT ("County"), is a political subdivision of the State of Michigan duly organized in carrying out governmental functions pursuant to the laws of Michigan, and one of the functions is to organize, operate, staff, and supervise its county law enforcement agency commonly known as Kent County Sheriff's Department.

**ANSWER**:  **This paragraph is not directed to this Defendant and, further, this paragraph contains legal conclusions to which no answer is required or given.  To the extent that an answer may be deemed required, it is admitted only that the County of Kent is a county in the State of Michigan, but if any remaining averments remain to which an answer is deemed required, they are neither admitted nor denied because Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

9.    At all times relevant to this lawsuit, Defendant, SHERIFF LAWRENCE STELMA ("Stelma"), was the Sheriff of Kent County and the policy maker for the Kent County Sheriff's Department.  Stelma was acting within the scope of his employment and under color of State law in his official capacity and is being sued in his official capacity as policy maker and sheriff, as well as his individual capacity.

**ANSWER**:    **This paragraph is not directed to this Defendant and, further, this paragraph contains legal conclusions to which no answer is required or given.  To the extent that an answer may be deemed required, it is admitted only that Lawrence Stelma was Sheriff of Kent County.  To the extent any answer is required in response to any remaining averments, they are neither admitted nor denied because Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

10.     Furthermore, Stelma had control of the Kent County Sheriff's Department and formulated and oversaw policy, practices, regulations, protocols, and customs therein and had the authority for hiring, screening, training, supervising, and disciplining of deputies.

**ANSWER**:     **This paragraph is not directed to this Defendant and, further, this paragraph contains legal conclusions to which no answer is required or given. To the extent that an answer may be deemed required, the averments are neither admitted nor denied because Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

11.     At all times relevant to this lawsuit, Defendant, DEPUTY SHERIFF ANDREW HINDS ("Hinds"), was a deputy sheriff and employee of the Kent County Sheriff's Department and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the County of Kent, State of Michigan, and the United States.

**ANSWER**: **Admitted only that Deputy Sheriff Andrew Hinds was and is a Deputy Sheriff with the Kent County Sheriff's Department and employed by Kent County. To the extent that this allegation contains legal conclusions, no answer is required or given as to those legal conclusions. To the extent that an answer may be deemed required, the averments are neither admitted nor denied because Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

12.     At all times relevant to this lawsuit the individually named defendants were at all times employees of County and acting within the scope of their employment.

**ANSWER**:     **To the extent that this paragraph refers to this Defendant, the averments are admitted. To the extent that the averments are deemed to refer to others or to state or**

**imply anything further, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

**FACTUAL ALLEGATIONS**

13.     Plaintiff hereby re-alleges each and every allegation in paragraphs 1 through 12 of this Complaint as if fully stated herein.

**ANSWER**:     **Defendant incorporates by reference the answers set forth above as if fully stated herein.**

14.     That on September 3, 2017, Deputy Andrew Hinds was acting as a deputy sheriff for the County and was assisting federal officials during the service of a nighttime search warrant at Burton's Landing Apartments on Whispering Way Drive in Grand Rapids, Michigan.

**ANSWER**: **Admitted that Deputy Andrew Hinds was a deputy sheriff employed by Kent Count on September 3, 2019, and that he was at Burton's Landing Apartments in Grand Rapids, Michigan to assist officials in the execution of a search warrant. However, as for any remaining averments, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments. In further answer and without waiver of or limitation of the foregoing, Defendant denies that the averments set forth in this paragraph set forth the complete purpose of the activities of law enforcement on the referenced day and the referenced location.**

15.     That Plaintiff was unaware of a police presence in the dark parking lot and was walking from an apartment to his vehicle with both of his hands out of his pockets and in plain view.

**ANSWER**:     **Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

16.     That the plaintiff was not armed or threatening.

**ANSWER**:     **Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments**.

17.     That none of the law enforcement officers made their presence known and were hidden in the shadows when the Plaintiff was suddenly shot in the chest with a rifle bullet.

**ANSWER**:  **Denied as untrue.**

18.     That the Plaintiff fell to the parking lot and began bleeding profusely from the hole in his chest.

**ANSWER**:     **Denied as untrue.**

19.     That law enforcement handcuffed him and left him bleeding onto the parking lot until Emergency Medical Services arrived and transported him to the hospital for emergency surgery.

**ANSWER**:     **Denied as untrue.**

20.     That the Plaintiff was in extreme pain and thought he was going to die.

**ANSWER**:     **Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

21.     That the Plaintiff nearly did die as a result of Hinds' improper use of deadly force.

**ANSWER**:     **Denied that Defendant used improper force.   As for any remaining averments, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

22.     That the investigation into this matter by the State's Attorney concluded that "Hinds was clearly wrong in believing that Mr. Phillips' movements indicated a threat to him and other members of his team.  Mr. Phillips had nothing more than a set of car keys in his hand.  It

is extremely fortunate that this mistake did not cost Mr. Phillips his life." However, State's Attorney Becker declined to file criminal charges against Hinds.

**ANSWER**: **Admitted that no criminal charges were lodged against Deputy Hinds. Denied that the foregoing averments represent an accurate quotation of the opinion of Prosecuting Attorney Christopher Becker or represent an accurate or complete characterization of the conclusion that opinion. In further answer and without waiver of or limitation of the foregoing, Defendant avers that the opinion of Prosecuting Attorney Christopher Becker stated that "[t]here is no evidence presented here that would support any conclusion other than Deputy Hinds fired because he feared for his safety." As for any remaining averments, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

## COUNT I
### 42 USC §1983 CONSTITUTIONAL DEPRIVATIONS

23.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 22 as though fully set forth herein.

**ANSWER**: **Defendant incorporates by reference the answers set forth above as if fully stated herein.**

24.     At all times mentioned herein, while defendants were acting under color of statute, ordinances, regulations, and/or customs of the State of Michigan, County of Kent, City of Grand Rapids, defendants subjected Plaintiff to a deprivation of his rights, privileges, and immunities secured by the Constitutions and laws of the United States and the State of Michigan.

**ANSWER**: **This paragraph contains legal conclusions to which no answer is required or given. To the extent any answer is required, the averments are denied for the reason that the averments are untrue.**

25.     Pursuant to 42 USC §1983, as well as the Fourteenth, Fourth, and Eighth Amendments to the United States Constitution, County and the individually named defendants owed Plaintiff duties to act prudently and with reasonable care, and otherwise to avoid cruel and unusual punishment, and not to employ excessive or undue deadly force.

**ANSWER**:     **This paragraph contains allegations not directed to this Defendant and, further, contains legal conclusions to which no answer is required or given.  To the extent that an answer may be deemed required,  the averments are denied as applicable to this Defendant and in further answer  and without waiver of or limitation of the foregoing, it is denied that the averments set forth a complete or accurate statement of applicable law. To the extent any further answer is required to any remaining averments; Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

26.     County and the individually named defendants owed Plaintiff duties to act prudently and with reasonable care in the formation of its policies and procedures relative to proper use of the force continuum and arrest and search procedures, as well as to train, test, evaluate, review, and update its deputies' abilities to function in a reasonable manner and in conformance with the laws of the United States and of the State of Michigan relative to the proper use of the force continuum and arrest and search procedures.

**ANSWER**:     **This paragraph contains averments not directed to this Defendant and, further, contains legal conclusions to which no answer is required or given.  To the extent that an answer may be deemed required,  the averments are denied as applicable to this Defendant and to the extent any further answer is required to any remaining averments, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the averments.**

27.     That the action and omission of acts by the Defendants under 42 USC §1983 was unreasonable and performed knowingly, deliberately, intentionally, maliciously, with gross negligence, callousness, and reckless indifference to Plaintiff's well-being and in disregard of Plaintiff's safety, with wanton intent for Plaintiff to suffer the unnecessary and intentional infliction of pain and nearly death, and by reason of which, Plaintiff is entitled to compensatory and punitive damages.

**ANSWER**:     **Denied as untrue**.

28.     That the conduct of Defendants COUNTY, STELMA, and HINDS, individually and/or as agents of the County of Kent, deprived Plaintiff of his clearly established rights, privileges and immunities in violation of the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and of 42 USC §1983.

**ANSWER**:     **Denied as untrue**.

29.     County, through its agents and/or employees, and the individually named defendants, objectively knew that shooting a man in the chest with a tactical rifle when that man did not pose an immediate risk of death or great bodily harm to anyone is an unconstitutional use of deadly force.

**ANSWER**:     **This paragraph contains averments not directed to this Defendant and, further, contains legal conclusions to which no answer is required or given.  To the extent that an answer may be deemed required,  the averments are denied as applicable to this Defendant for the reason that the averments are untrue and, in further answer and without waiver of or limitation of the foregoing, it is denied that the averments set forth a complete or accurate statement of applicable law.**

30.     That the conduct of the Defendants, COUNTY, STELMA, and HINDS individually and/or as agents of the County of Kent, exhibited a deliberate indifference by intentional acts, gross negligence and/or engaging in omissions to breach Plaintiff's public safety and causing constitutional deprivation of his individual rights to wit:

      (a)     Using excessive force and unjustified deadly force against Plaintiff;

      (b)     Failing to exercise due caution when using a high powered tactical rifle;

      (c)     Failing to screen deputies to determine the level of their competency and performance, both before and after being engaged;

      (d)     Failing to monitor, train, discipline and control deputies after derelictions in their performance became known, or should have become known;

      (e)     Failure to properly train deputies in the evaluation of when deadly force is to be applied;

      (f)     A reasonable deputy in Defendant's position at the time of this incident would have known that in light of the pre-existing law, that use of deadly force in the given situation is a violation of clearly established law;

      (g)     Any and all other breaches as they become known throughout the course of this litigation.

**<u>ANSWER</u>**:     **The averments, including all subparts, are denied as being untrue.**

31.     That as a direct result of the aforementioned conduct and omissions of Defendants, COUNTY, STELMA, and HINDS, individually and/or as agents of the County of Kent, Plaintiff suffered pain, anguish, emotional distress, and nearly death.

WHEREFORE, Plaintiff requests the following relief:

      (a)     Reasonable medical expenses;

      (b)     Conscious pain and suffering between the time of his injury and to this day;

      (c)     Disability and reduced mobility which is ongoing;

      (d)     Psychological injuries which are ongoing;

      (e)     Compensatory and punitive damages; and

      (f)     Any and all other damages otherwise recoverable under 42 USC §1983 and §1988 and available under Michigan Tort Law.

**ANSWER**:   **Denied as being untrue**.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, and award Defendant costs, attorney's fees and disbursements, along with such other and further relief the Court finds to be just and proper.

**COUNT II**
**FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, CUSTOMS AND PRACTICES AND FAILURE TO SUPERVISE- DELIBERATE INDIFFERENCE BY COUNTY OF KENT AND SHERIFF LAWRENCE STELMA**

32.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 31 as though fully set forth herein.

**ANSWER**:   **Defendant incorporates by reference the answers set forth above as if fully stated herein.**

33.    Pursuant to 42 USC § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, defendants COUNTY and STELMA owed Plaintiff certain duties to supervise, monitor, and train its deputies in the proper use of force and the constitutional limits on the use of deadly force.

**ANSWER**:   **The Defendants to which this Count pertains are not parties to this lawsuit, and thus this allegation is moot.  To the extent an answer is nonetheless required, Defendant states as follows:  This allegation contains legal conclusions to which no answer is required or given.  To the extent any further answer is required to any remaining allegations, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations.**

34. That defendants, in their representative and official capacities, have maintained a custom and policy of improper training and supervision of their employees. Defendants are not protected by governmental immunity when following a policy that deprives individuals of their constitutional rights. *Monell v. N.Y. City Dep't of Soc. Serv.,* 436 [sic] 658, 690-91, 692 (1978).

**ANSWER**: **The Defendants to which this Count pertains are not parties to this lawsuit, and thus this allegation is moot. To the extent an answer is nonetheless required, Defendant states as follows: This allegation contains legal conclusions to which no answer is required or given. To the extent any further answer is required, denied for the reason that the allegation is untrue.**

35. That defendants, COUNTY and STELMA, were aware of previous incidents where individuals who were contacted by Kent County Sheriff Deputies were subjected to excessive force during arrest and search.

**ANSWER**: **The Defendants to which this Count pertains are not parties to this lawsuit, and thus this allegation is moot. To the extent an answer is nonetheless required, Defendant states as follows: This allegation contains legal conclusions to which no answer is required or given. To the extent any further answer is required, the allegation is neither admitted nor denied because Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations.**

36. That defendants, COUNTY and STELMA, were aware of the custom and practice of deputies that failed to ensure against the use of excessive force during arrests and searches, which were similar to the actions of Defendant HINDS.

**ANSWER**: The Defendants to which this Count pertains are not parties to this lawsuit, and thus this allegation is moot. To the extent an answer is nonetheless required, Defendant states as follows: This allegation contains legal conclusions to which no answer is required or given. To the extent any further answer is required, denied for the reason that the allegation is untrue.

37. The defendants owed Plaintiff the following duties and obligations:

   (a) To use due care and caution;

   (b) To adequately and properly promulgate guidelines and policies that comply with with the requirements of 42 USC §1983 regarding the use of force during arrests and searches;

   (c) To adequately and properly train and supervise deputies of the Kent County Sheriff's Department on the proper methods to avoid excessive force;

   (d) To avoid hiring or selecting individuals who it knows are incapable of performing their responsibilities or who are likely to misuse or abuse the power conferred on them as employees of the County and the Kent County Sheriff's Department.

**ANSWER**: The Defendants to which this Count pertains are not parties to this lawsuit, and thus this allegation is moot. To the extent an answer is nonetheless required, Defendant states as follows: This allegation contains legal conclusions to which no answer is required or given. To the extent any further answer is required, the allegation is neither admitted nor denied because Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations.

38. Defendants breached these duties via its policies, procedures, regulations, customs, and/or lack of training and thus exhibited a reckless indifference toward its citizens, and Plaintiff Phillips specifically, in the following ways, including but not limited to:

   (a) Failure to staff the Sheriff's Department with competent law enforcement officers;

(b)     Failure to have proper policies and procedures and training to deal with the inherently and unusually dangerous activity of executing a nighttime high-risk warrant service with federal agents;

(c)     Failure to monitor their deputies to ensure that they are competent for such high-risk activities;

(d)     Failure to require that deputies assigned to such activities and armed with high powered rifles meet significantly higher qualifications than deputies assigned to more meneal [sic] tasks;

(e)     Failure to fully investigate and discipline its deputies who do not abide by its policies and procedures relative to the improper use of force; and

(f)     All other breaches learned through the course of discovery.

**ANSWER**:     **The Defendants to which this Count pertains are not parties to this lawsuit, and thus this allegation is moot.  To the extent an answer is nonetheless required, Defendant states as follows:  This allegation contains legal conclusions to which no answer is required or given.  To the extent any further answer is required, the allegation is denied as untrue.**

39.     That defendants COUNTY and STELMA trained their officials and/or employees and agents in such a reckless and grossly negligent manner that it was inevitable that an official would wrongfully use excessive and deadly force against a citizen.

**ANSWER**:     **The Defendants to which this Count pertains are not parties to this lawsuit, and thus this allegation is moot.  To the extent an answer is nonetheless required, Defendant states as follows:  This allegation contains legal conclusions to which no answer is required or given.  To the extent any further answer is required, the allegation is denied as untrue.**

40.     The failure of the defendants to provide training and supervision regarding the excessive use of force and how to avoid instances of the improper use of deadly force amounts to

deliberate indifference to the safety and lives of the citizens in Kent County, and more specifically, Plaintiff Phillips.

**ANSWER**:    **The Defendants to which this Count pertains are not parties to this lawsuit, and thus this allegation is moot.  To the extent an answer is nonetheless required, Defendant states as follow:  This allegation contains legal conclusions to which no answer is required or given.  To the extent any further answer is required, the allegation is denied as untrue.**

41.    Defendants COUNTY and STELMA are supervisory officials who knew or in the exercise of reasonable care should have known that individual deputies had engaged in misconduct and other violations of the constitutional rights of citizens, more specifically, Plaintiff.

**ANSWER**:    **The Defendants to which this Count pertains are not parties to this lawsuit, and thus this allegation is moot.  To the extent an answer is nonetheless required, Defendant states as follow:  This allegation contains legal conclusions to which no answer is required or given.  To the extent any further answer is required, the allegation is neither admitted nor denied because Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations.**

42.    Despite knowledge of its aforesaid pattern and practice, the defendants failed to properly investigate the improper practices and to supervise and train deputies at the Kent County Sheriff's Department, and this was the ultimate driving force behind the underlying constitutional violations.

**ANSWER**:    **The Defendants to which this Count pertains are not parties to this lawsuit, and thus this allegation is moot.  To the extent an answer is nonetheless required,**

**Defendant states as follows: This allegation contains legal conclusions to which no answer is required or given. To the extent any further answer is required, the allegation is denied as untrue.**

43. COUNTY developed a "hands off" policy or custom with regard to the acts and omissions of deputies and this encouraged the individuals to believe that they could violate the constitutional rights of Plaintiff with the explicit or tacit approval of the defendants herein.

**<u>ANSWER</u>: The Defendants to which this Count pertains are not parties to this lawsuit, and thus this allegation is moot. To the extent an answer is nonetheless required, Defendant states as follows: This allegation contains legal conclusions to which no answer is required or given. To the extent any further answer is required, the allegation is denied as untrue.**

44. As a direct and proximate result of the above cited violations of Plaintiff's civil rights by defendants, Plaintiff has and will continue to suffer damages in the future, including, but not limited to:

(a) Reasonable medical expenses;

(b) Conscious pain and suffering between the time of his injury and to this day;

(c) Disability and reduced mobility which is ongoing;

(d) Psychological injuries which are ongoing;

(e) Compensatory and punitive damages; and

(f) Any and all other damages otherwise recoverable under 42 USC § 1983 and § 1988 and available under Michigan Tort law. WHEREFORE, Plaintiff Phillips respectfully requests that this Honorable Court enter judgment in his favor and against defendants, including punitive damages under 42 USC §1988, in the amount of $10 million, together with interest, costs, and attorney fees.

**ANSWER**:   The Defendants to which this Count pertains are not parties to this lawsuit, and thus this allegation is moot.   To the extent an answer is nonetheless required, Defendant states as follows:  This allegation contains legal conclusions to which no answer is required or given.  To the extent any further answer is required, the allegation is denied as untrue.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, and award Defendant costs, attorney's fees and disbursements, along with such other and further relief the Court finds to be just and proper.

## COUNT III
## NEGLIGENCE-GROSS NEGLIGENCE-INTENTIONAL WILLFUL AND WANTON CONDUCT

45.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 44 as though fully set forth herein.

**ANSWER**:   **Defendant incorporates by reference the answers set forth above as if fully stated herein.**

46.     At all relevant times, the individually named defendants were acting within the course and scope of their employment with defendant County as law enforcement officers.

**ANSWER**:   **This paragraph contains averments not directed to this Defendant to which no answer is required or given.  To the extent that an answer may be deemed required, these averments are admitted as to this Defendant only.**

47.     County and the individually named defendants owed Plaintiff the duty to use due care and caution to avoid the excessive use of force and not to use deadly force unless absolutely necessary.

**ANSWER**:   This paragraph contains averments not directed to this Defendant and, further, contains legal conclusions to which no answer is required or given.  To the extent that an answer may be deemed required, denied for the reason that the averments are untrue and, in further answer and without waiver of or limitation of the foregoing, it is denied that the averments set forth a complete or accurate statement of applicable law.

48.     County and the individually named defendants, acting within the scope of their employment with County, breached this duty and were grossly negligent as that term is defined in MCL 691.1407(2)(c) when they acted intentionally and so recklessly as to demonstrate a substantial lack of concern as to whether injury or death would result and/or their acts of willful and wanton misconduct toward Plaintiff were in disregard for his health, safety, and constitutional/statutory rights.

**ANSWER**:     Denied as untrue.

49.     At all relevant times, County and the individually named defendants were grossly negligent in one or more of the following ways:

    (a)     Using excessive force and unjustified deadly force against Plaintiff;

    (b)     Failing to exercise due caution when using a high powered rifle;

    (c)     Failing to screen deputies to determine the level of their competency and performance, both before and after being engaged;

    (d)     Failing to monitor, train, discipline, and control deputies after derelictions in their performance became known, or should have been known;

    (e)     Failure to properly train deputies in the evaluation of when deadly force is to be applied;

    (f)     A reasonable deputy in Defendant's position at the time of this incident would have known that in light of pre-existing law, that the use of deadly force in the given situation is a violation of clearly established law;

    (g)     Failure to refrain from intentionally inflicting grievous bodily injury when it was unnecessary;

(h)     Failure to refrain from acting with gross negligence or deliberate indifference toward or willful disregard of any violation of Plaintiff's constitutional rights; and

(i)     Any and all other acts of gross negligence as they become known throughout the course of this litigation.

**ANSWER**:     **The averments, including all subparts, are denied as untrue.**

50.     As the direct and proximate result of the aforementioned conduct and omissions of the Defendants, COUNTY, STELMA, and HINDS, individually and/or as agents of the County of Kent, Plaintiff Phillips suffered pain, anguish, emotional distress, and nearly death.

**ANSWER**:     **Denied as untrue.**

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, and award Defendants costs, attorney's fees and disbursements, along with such other and further relief the Court finds to be just and proper.

Respectfully submitted,

VARNUM LLP
Attorneys for Defendant Deputy Andrew Hinds

Dated:  November 27, 2019          By:  _/s/ Kyle P. Konwinski_
                                        Timothy E. Eagle (P38183)
                                        Kyle P. Konwinski (P76257)
                                   BUSINESS ADDRESS & TELEPHONE:
                                        Bridgewater Place
                                        P.O. Box 352
                                        Grand Rapids, MI 49501-0352
                                        (616) 336-6000
                                        teeagle@varnumlaw.com
                                        kpkonwinski@varnumlaw.com

## AFFIRMATIVE DEFENSES

NOW COMES Defendant Deputy Andrew Hinds, by and through his attorneys, Varnum, Riddering, Schmidt & Howlett LLP, and assert the following defenses:

1.      Plaintiff's Complaint fails to set forth facts sufficient to establish a violation of any of the Plaintiff's Constitutional rights.

2.      Defendant is entitled to qualified immunity and/or governmental immunity.

3.      Plaintiff's Complaint fails to set forth facts sufficient to establish a violation of any of the Plaintiff's Constitutional rights.

4.      All or part of Plaintiff's claims may be barred by the applicable statutes of limitation or repose.

5.      The counts of Plaintiff's Complaint have failed to state a valid cause of action.

6.      All or part of Plaintiff's injuries are due to Plaintiff's own conduct, conduct of others, or were otherwise pre-existing, including but not limited due to Plaintiff's own contributory/comparative negligence or assumption of risk.

7.      Defendant is entitled to a set-off, to the extent of Plaintiff's recovery, if any, from collateral sources of compensation.

8.      None of the acts of the named individual Defendant were malicious, willful, wanton, or in reckless disregard of Plaintiff's rights.

9.      Plaintiff's Complaint must be dismissed because the complained-of acts were not the proximate cause of the alleged injuries and damages claimed by the Plaintiff.

10.     The named individual Defendant's actions complained of herein were privileged and were in the performance of his duties as a law enforcement officer.

11.     Plaintiff's Complaint, in whole or in part, fails to plead facts in avoidance of Defendant's immunity from suit.

12.     The named individual Defendant is immune from suit because he did not violate clearly established rights of which a reasonable person would have known.

13.     Any arrest of Plaintiff was pursuant to valid and lawful legal process and authority, including but not necessarily limited to the existence of outstanding warrant(s) against Plaintiff or effectuation of search warrant(s).

14.     Plaintiff may have failed to mitigate his damages.

15.     Plaintiff's complaint fails to state a claim as Plaintiff has failed to allege specific facts, as distinct from mere speculation and conclusions, which give rise to a plausible claim. See, *Bell Atlantic v. Twombly*, 550 U.S. 554 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

16.     Plaintiff's claim may in whole or in part be barred by failure to comply with any failure to exhaust administrative remedies or failure to comply with any mandatory filing or notice requirements.

17.     Plaintiff's claim may in whole or in part be barred by issue or claim preclusion.

18.     Defendant reserves the right to add additional defenses as they may become known during discovery.

Respectfully submitted,

VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP
Attorneys for Defendant Deputy Andrew Hinds

Dated:  November 27, 2019          By:  */s/ Kyle. P. Konwinski*
                                        Timothy E. Eagle (P38183)
                                        Kyle P. Konwinski (P76257)
                                        BUSINESS ADDRESS & TELEPHONE:
                                            Bridgewater Place
                                            P.O. Box 352
                                            Grand Rapids, MI 49501-0352
                                            (616) 336-6000
                                            teeagle@varnumlaw.com
                                            kpkonwinski@varnumlaw.com

## RELIANCE UPON JURY DEMAND

NOW COMES the Defendant in the above-captioned matter, by and through his attorneys, Varnum, Riddering, Schmidt & Howlett LLP, and state his reliance upon the jury demand made by the Plaintiff in the above-captioned matter.

Respectfully submitted,

VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP
Attorneys for Defendant Deputy Andrew Hinds

Dated:  November 27, 2019       By:  _/s/ Kyle P. Konwinski_
                                Timothy E. Eagle (P38183)
                                Kyle P. Konwinski (P76257)
                                BUSINESS ADDRESS & TELEPHONE:
                                Bridgewater Place
                                P.O. Box 352
                                Grand Rapids, MI 49501-0352
                                (616) 336-6000
                                teeagle@varnumlaw.com
                                kpkonwinski@varnumlaw.com

15659604_1.docx