UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

YUSEF LATEEF PHILLIPS,

Plaintiff,

v.

ANDREW HINDS,

Defendant.

CASE NO. 1:19-cv-331-JTN-SJB

HON. JANET T. NEFF
MAGISTRATE: HON. SALLY J. BERENS

---

| | |
|---|---|
| KENNETH N. FLAXMAN, P.C.<br>Kenneth N. Flaxman<br>Attorneys for Plaintiff<br>200 S. Michigan Ave., Suite 201<br>Chicago, IL  60604-2430<br>(312) 427-3200 | VARNUM LLP<br>Timothy E. Eagle<br>Kyle P. Konwinski<br>Attorneys for Defendant Andrew Hinds<br>P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000<br>teeagle@varnumlaw.com<br>kpkonwinski@varnumlaw.com |

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the Local Rules of this District, and upon the agreement and stipulation of the Parties, without any party waiving any claim or defense, the Court finds good cause to issue a protective order in the Case (as defined below).

Accordingly, the Court enters the following Order:

**I.      DEFINITIONS**

    A.     "Case" refers to the above-captioned case, *Yusef Lateef Phillips v. Andrew Hinds*, Case No. 1:19-cv-331-JTN-SJB pending in the United States District Court for the Western District of Michigan.

    B.     "Party" or "Parties" refers to the Plaintiff, Defendants, and their counsel. For purposes of this Order, "Defendants" include the County Board, and the Kent County Sheriff Department Command Staff, and "counsel" includes in-house counsel for Kent County.

    C.     "Qualified Individuals" means:

        1.     The Court or other appropriate Court personnel;

        2.     All Parties to the Case, including their counsel and employees of counsel;

        3.     Bona fide consultants and experts retained by the Parties, to the extent necessary for the prosecution or defense of this Case;[1]

        4.     Court reporters at a deposition or other court proceeding;

        5.     Contractors who are specifically engaged for the limited purpose of making copies of documents or organizing or processing documents,

---

[1] Consultants and experts referenced in I.C.3 are required to sign Exhibit A.

          including outside vendors hired to process electronically stored documents;[2]

6. Witnesses at deposition to whom disclosure is reasonably necessary though witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;[3]

7. Any mediator approved by the Court or mutually agreed to by the parties;

8. Any non-party participant in any Mediation or Settlement Communication though said non-parties shall not retain a copy of documents containing Confidential Information; and,

9. Others only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

D. "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party, which includes the following categories:

1. information prohibited from disclosure by law, including by statute (e.g. MCL 15.391 et. seq.);

2. information that reveals trade secrets;

3. research, technical, commercial or financial information that the party has maintained as confidential;

---

[2] Contractors referenced in I.C.5 are required to sign Exhibit A.
[3] Witnesses referenced in I.C.6 are required to sign Exhibit A.

    4.     HIPAA protected medical information and medical records concerning the Plaintiff, any Party, or other individual;

    5.     personal identity information;

    6.     income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

    7.     policy and procedure documents related to the operation of the Kent County Sheriff's Department, other than those available through a public records request;

    8.     personnel documents related to Plaintiff or individual Defendants;

    9.     personnel or employment records of a person who is not a party to the case; or,

    10.     expert reports that reference, summarize, analyze, or interpret Confidential Information.

E.     "Discovery Material" refers to any document, electronically stored information, record, data compilation, deposition transcript or video, questionnaire, or other information in any form, that is produced by, obtained by, or created by any Party during Discovery.

F.     "Settlement Communications" include all statements, whether oral or in a record, verbal or nonverbal:

    1.     that occur during Mediation or other settlement proceeding or communication made for the purposes of retaining a mediator or for considering, initiating, preparing for, conducting, participating in, continuing, adjourning, concluding, or reconvening Mediation; or,

4

2. made during settlement or compromise negotiations concerning the claim of any Party.

G. "HIPAA" is the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936, and its implementing regulations, 45 C.F.R. pts. 160, 162, 164. The Parties acknowledge that HIPAA may apply to certain Discovery Material.

## II. CONFIDENTIAL TREATMENT

A. A party may designate Discovery Material as Confidential Information for protection under this Order by affixing the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to each page containing any Confidential Document. If the Discovery Material is in a format which makes it unfeasible to mark (e.g., audio, video, electronically stored information), an abbreviation of the designation ("CSTPO") should be affixed to the title of the audio, video, or ESI file. To the extent any Confidential Information has already been produced, the producing party designate the documents "Confidential" by list produced after entry of this order.

B. All Settlement Communications are Confidential Information. Settlement Communications are not subject to discovery, are not admissible in any proceeding, and may not be disclosed to anyone other than the County Board members who have settlement authority, and the Parties and Qualified Individuals participating in the Settlement Communication or Mediation in which the Settlement Communication was made.

C. Parties and Qualified Individuals receiving or reviewing Confidential Information shall treat any document they create that incorporates the Confidential Information, including handwritten notes or correspondence, as a derivative copy of the Confidential Information. All such derivative copies shall be treated just as the Confidential information.

D. All Confidential Information produced by any Party in this action shall remain confidential unless such document is presented to the opposing Party under the following procedure:

1. The requesting Party shall provide notice to the opposing Party that he intends to use and publicly release (non-sealed) certain "defined" Document(s) in support of a pleading or motion or use such Document(s) in a non-Party deposition.

2. After such notice by the proponent Party, the opposing Party shall have five (5) business days from the date of receipt of said notice to submit a written objection to such disclosure.

3. If the opposing Party does object in writing within the time period, the Parties shall act in good faith to resolve the objection without resort to filing a motion.

4. If the Parties cannot come to a resolution, the Document(s) shall remain confidential until a proper motion is filed and there is a further order from the Court.

E. A party who chooses to use the Confidential Information during pretrial proceedings must make reference to the confidentiality of such material and shall

      request that any of the Materials produced as exhibits, and any portions of transcript referencing the Materials, be filed under seal with the Court and accorded confidential treatment pursuant to the terms of this Order.

F.     This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with the Federal Rules of Civil Procedure and the Local Rules of this District.

G.     A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

H.     Allowable disclosure of any such Confidential Information covered by this Stipulated Protective Order shall be limited to Parties and Qualified Individuals.

I.     With respect to depositions, any party shall be allowed to designate testimony, transcript, video, or exhibits as confidential consistent with this Order so long as such designation is made within 14 days of the end of the deposition. During that 14 day period, all deposition testimony, transcripts, deposition exhibits, and/or videos should be treated as confidential under this Protective Order.

**III. OBLIGATIONS AT CONCLUSION OF LITIGATION**

A. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal. Within sixty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies, shall be returned to the producing party unless:

1. The document has been offered into evidence or filed without restriction as to disclosure; or,

2. As to documents bearing mental impressions or work product of the receiving party, the receiving party can destroy the documents. In addition, the parties agree to the destruction of any other documents containing Confidential Information to the extent practicable in lieu of return. If the receiving party destroys any documents containing Confidential Information in lieu of return, the receiving party must provide a certification to the producing party that destruction has occurred after the destruction is complete. Under this section, destruction includes best efforts at erasing all electronically stored information;

B. Notwithstanding the above requirements to return or destroy documents, counsel may retain:

1. Attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information; and,

8

    2.    One complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

    3.    The terms of this Order shall be binding upon the Parties, Qualified Individuals, and all persons who come in contact with Confidential Information after the conclusion of this litigation, whether by dismissal, settlement, entry of final judgment, or other means.

    4.    This Court shall retain jurisdiction to enforce the terms of the Order and all persons subject to its terms expressly submit to the jurisdiction of this Court for purposes of such enforcement.

## IV. GENERAL CONSIDERATIONS

    A.    The parties shall exercise reasonable care not to disclose information and documents identified as confidential under this Order in the public record of this proceeding.

    B.    The procedures for protecting information and documents identified as confidential under this Order at trial shall be determined by the parties at a later date and shall be included in the Joint Final Pretrial Order.

    C.    This Order shall not preclude any Party from seeking additional protection with respect to the confidentiality of any other information (written or oral) as that Party deems appropriate.

D.     The production of any documents or information by any party in this action does not constitute a waiver of any objections which may be made by such party in any other proceedings and under any other circumstances to the productions or disclosure of such documents or information.

**SO ORDERED:**

Dated: _____        By: _____
                                                                          Janet T. Neff
                                                                          United States Magistrate Judge

**SO STIPULATED:**

                                                                          **VARNUM LLP**
                                                                          Attorneys for Defendant Andrew Hinds

Dated: March 19, 2020        By:    */s/ Kyle P. Konwinski*
                                                                          Timothy E. Eagle
                                                                          Kyle P. Konwinski
                                                                   BUSINESS ADDRESS & TELEPHONE:
                                                                          Bridgewater Place, P.O. Box 352
                                                                          Grand Rapids, MI  49501-0352
                                                                          (616) 336-6000
                                                                          teeagle@varnumlaw.com
                                                                          kpkonwinski@varnumlaw.com

                                                                          **KENNETH FLAXMAN, P.C.**
                                                                          Attorneys for Plaintiff

Dated: March 19, 2020        By:    */s/ Kenneth N. Flaxman*
                                                                          Kenneth N. Flaxman
                                                                          200 S. Michigan Ave., Suite 201
                                                                          Chicago, IL  60604-2430
                                                                          (312) 427-3200

16130537_3.docx

**Yusef Lateef Phillips v. Andrew Hinds**

U.S.D.C Western District of Michigan  Case No. 1:19-cv-331-JTN-SJB

# Exhibit A

**To Stipulated Confidentiality and Protective Order**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

YUSEF LATEEF PHILLIPS,

Plaintiff,

v.

ANDREW HINDS,

Defendant.

CASE NO.  1:19-cv-331-JTN-SJB

HON. JANET T. NEFF
MAGISTRATE: HON. SALLY J. BERENS

| KENNETH N. FLAXMAN, P.C.<br>Kenneth N. Flaxman<br>Attorneys for Plaintiff<br>200 S. Michigan Ave., Suite 201<br>Chicago, IL  60604-2430<br>(312) 427-3200 | VARNUM LLP<br>Timothy E. Eagle (P38183)<br>Kyle P. Konwinski (P76257)<br>Attorneys for Defendant Andrew Hinds<br>P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000<br>teeagle@varnumlaw.com<br>kpkonwinski@varnumlaw.com |
|---|---|

**THIRD-PARTY ENDORSEMENT OF STIPULATED
CONFIDENTIALITY AND PROTECTIVE ORDER**

1. Third party _____, hereby (i) consents to the terms and conditions of the Stipulated Confidentiality and Protective Order (the "Order"), as entered by the Court, and (ii) consents to the jurisdiction of the Court for purposes of enforcing the terms of the Order.

2. By executing this Third-Party Endorsement, the third party agrees to abide by the terms and conditions of the Order.

3. The terms used in this Third-Party Endorsement have the same meanings as set forth in the Order.

4. A copy of this endorsement must be provided to Counsel for all parties as listed above in the case caption within five (5) days of its execution.

2

Name: _____

Street Address: _____

City, State, ZIP: _____

Telephone: _____

Facsimile: _____

Counsel for Third Party: _____

Dated: _____


Signature: _____

2