IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| Yusef Lateef Phillips | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -*vs*- | ) | 19-cv-331 |
| | ) | |
| Andrew Hinds and Kent County Sheriff, | ) | *(Judge Jarbou)* |
| | ) | |
| *Defendants.* | ) | |

## CORRECTED AMENDED COMPLAINT

Plaintiff, by counsel and with the consent of defendant, files this corrected amended complaint to delete paragraph 4 of the amended complaint, and alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked under 28 U.S.C. § 1343.

2. Plaintiff Yusef Lateef Phillips is a African-American male resident of the Western District of Michigan.

3. Defendant Andrew Hinds was at all times relevant acting under his authority as a deputy sheriff employed by defendant Kent County Sheriff. Plaintiff sues Hinds in his individual capacity.

4. At about 4:00 a.m. on September 3, 2017, defendant Hinds was working as a member of the Sheriff's "TAC Team."

5. Defendant Hinds was assigned to work with other law enforcement officers, including Deputy Sheriff Ysquierdo, to arrest plaintiff and his brother, Ray Lee, as they came out of the Burton's Landing Apartments on Whispering Way Drive in Grand Rapids, Michigan.

6. Defendant Hinds and Deputy Ysquierdo were each armed with a semi-automatic rifle and a handgun.

7. Each of the above-referred rifles was equipped with a high-intensity light.

8. After the officers received a radio message from a surveillance officer that plaintiff and his brother were stepping out of the Burton's Landing Apartments, defendant Hinds, Officer Ysquierdo, and other officers began to approach plaintiff and his brother.

9. Plaintiff turned to look in the direction of the approaching officers, as depicted below (plaintiff is the man on the left):



10. About one-quarter of a second after plaintiff turned in the direction of the approaching officers, Deputy Ysquierdo activated the high intensity light on his rifle, illuminating plaintiff as shown below:



11. At all times relevant, it was apparent to all observers, including defendant Hinds, that plaintiff was not holding any object of any sort in either of his hands.

12. Defendant Hinds fired his rifle at plaintiff less than one-tenth of a second after Ysquierdo turned on his light.

13. In the brief period of time after Ysquierdo turned on his high intensity light and before defendant Hinds shot plaintiff, defendant Hinds could not have observed plaintiff move either of his hands.

14. Plaintiff did not at any time during the incident undertake any act that could have made it objectively reasonable for a police officer to use deadly force.

15. The shot fired by Hinds caused plaintiff to receive serious personal injuries, experience great pain and suffering, and become unable to enjoy physical exertion because of diminished lung capacity.

16. As a result of the foregoing, defendant Hinds caused plaintiff to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States.

17. Plaintiff hereby demands trial by jury.

Wherefore plaintiff request the entry of judgment against defendant and the award of appropriate compensatory damages and appropriate

-5-

punitive damages. Plaintiff also requests that the costs of this action, including fees, be taxed against defendant.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
knf@kenlaw.com
*Attorney for Plaintiff*